UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: 22-CV-189 ) |
| UNIQUEHAB SOLUTIONS, LLC d/b/a UNIQUEHAB SOLUTIONS, a limited liability company, and JOHN MUSILI, an individual, and TONY ADURO, an individual, | ) ) ) ) ) |
| Defendants | ) ) |

## COMPLAINT

Pursuant to Section 217 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), Plaintiff, MARTIN J. WALSH, Secretary of Labor, United States Department of Labor ("Secretary"), brings this action to enjoin and restrain the defendants **UNIQUEHAB SOLUTIONS, LLC** d/b/a **UNIQUEHAB SOLUTIONS**, a limited liability company, ("UNIQUE") and **JOHN MUSILI**, an individual and **TONY ADURO**, an individual (collectively, "Defendants") from violating Sections 207, 211, 215(a)(2), and 215(a)(5) of the FLSA and to recover unpaid compensation, plus an equal amount in liquidated damages pursuant to Section 216(c) of the Act (29 U.S.C. § 216(c)) for Defendants' employees.

The Secretary, through the Wage and Hour Division, conducted an investigation of Defendants for compliance with the FLSA. The Secretary's investigation reviewed Defendants'

1

employment and pay practices from May 14, 2019 through May 15, 2021 (the "Investigation Period"). Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Period.

## Jurisdiction and Venue

1. This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c), 217 and 28 U.S.C. § 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

## Defendants

3. Defendant UNIQUE SOLUTIONS, LLC. d/b/a UNIQUE SOLUTIONS, is a limited liability company within this Court's jurisdiction with an office at 508 Saint Joe Road, Fort Wayne, Indiana where it conducts business.

4. UNIQUE is a third-party provider of home health care services to clients, providing assisted living as well as coordination of healthcare needs.

5. Defendant John Musili ("MUSILI") has actively managed and supervised Unique's operations and its employees during the Investigation Period.

    a. MUSILI has hired and fired employees.

    b. MUSILI has set employee work schedules.

    c. MUSILI has set employee pay rates.

6. MUSILI has acted directly or indirectly in UNIQUE'S interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

7. Defendant Tony Aduro ("ADURO") has actively managed and supervised Unique's operations and its employees during the Investigation Period.

   a. ADURO has hired and fired employees.

   b. ADURO has set employee work schedules.

   c. ADURO has set employee pay rates.

8. ADURO has acted directly or indirectly in UNIQUE'S interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

9. During the Investigation Period, Defendants engaged in business within Allen County, within this Court's jurisdiction.

## The FLSA Applies to Defendants

10. UNIQUE is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

11. UNIQUE employs domestic service employees who provide home healthcare services, which affects interstate commerce under the FLSA, 29 U.S.C. § 202(a).

12. UNIQUE is an "enterprise engaged in commerce" under the FLSA, because it had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Period. 29 U.S.C. § 203(s)(1)(A).

3

**FLSA Violations**

13. Defendants repeatedly and willfully violated Sections §§207 and 215(a)(2) of the FLSA when they failed to pay their employees one-and-one-half times their regular rates for hours worked in excess of 40 in a workweek. 29 U.S.C. §§207(a)(1), 215(a)(2).

14. Defendants paid employees in a bi-weekly pay period. In some instances, Defendants paid workers their regular rates for hours worked above 80 hours in a bi-weekly pay period.

15. In some instances, Defendants paid workers their regular rates for overtime hours worked over 40 hours in a work week, although overtime hours for the bi-weekly pay period did not exceed 80 hours.

16. Defendants repeatedly and willfully violated Sections 211 and 215(a)(5) of the FLSA when they failed to keep complete and accurate records. 29 U.S.C. §§ 211, 215(a)(5), 29 C.F.R. Part 516.

17. Defendants failed to maintain accurate records of employee work schedules for the period prior to February 2021.

18. The limited timecards provided to Wage and Hour were of poor quality and were unreadable.

19. Moreover, Defendants repeatedly and willfully violated Sections 29 U.S.C. §§ 207(a)(1), 215(a)(2) of the FLSA, because Defendants knew or showed reckless disregard for whether the FLSA prohibited their conduct.

20. Specifically, Defendants acted willfully when they failed to pay overtime wages to employees who worked over 40 hours in a workweek or worked over 80 hours in a bi-weekly pay period.

21. Defendants requested some employees sign a "waiver" document where they would waive their right to overtime pay.

## Remedies Sought

22. As a result of their FLSA violations, Defendants owe the employees listed in Exhibit A back wages and liquidated damages, under 29 U.S.C. §§ 216(c), 217. If Defendants continued to violate the FLSA after the Investigation Period, then Defendants may owe additional back wages and liquidated damages to employees.

23. Defendants may also owe additional back wages and liquidated damages, during the Investigation Period, to their employees whose identities the Secretary does not currently know.

24. Because Defendants repeatedly and willfully violated the FLSA, the Secretary is entitled to recover back wages and liquidated damages for a three-year period. 29 U.S.C. § 255(a).

## Prayer for Relief

As a result of Defendants' repeated and willful FLSA violations, the Secretary respectfully requests this Court enter an Order:

A. Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating Sections 207, 211, 215(a)(2), and 215(a)(5) of the FLSA. 29 U.S.C. § 217(a).

B. Finding Defendants liable for unpaid overtime wages, plus an equal amount in liquidated damages, owing to the employees listed in Exhibit A, as well as to other of Defendants' employees not yet known to the Secretary. 29 U.S.C. § 216(c).

C. If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding unpaid compensation found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury under 26 U.S.C. § 6621.

D. Providing such other relief as may be necessary and appropriate.

E. Awarding costs and granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

SEEMA NANDA
Solicitor of Labor

CHRISTINE Z. HERI
Regional Solicitor

/s/Emelda Medrano_____
EMELDA MEDRANO

U.S. Department of Labor
Office of the Solicitor
230 South Dearborn, Suite 844
Chicago, IL  60604
312-353-1169
Medrano.emelda@dol.gov
ATTORNEY BAR NO.: #6229838

*Attorneys for Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor*