UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:22-CV-189 |
| v. | ) ) ) | |
| UNIQUEHAB SOLUTIONS, LLC. d/b/a UNIQUEHAB SOLUTIONS, a limited liability company, and JOHN MUSILI, an individual, and TONY ADURO, an individual, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**OPINION AND ORDER**

Before the Court is the Acting Secretary's Amended Motion to Approve Consent Order and Judgment filed on July 25, 2023. (ECF No. 18). The Amended Motion was filed subsequent to this Court's order (ECF No. 16) denying without prejudice the original motion to approve consent order. Accompanying the amended motion is a proposed consent order and judgment the parties seek to have the Court enter resolving this litigation. (ECF No. 18-2). The amended proposed consent decree seeks to further the interests of the Fair Labor Standards Act (FLSA) and generally: (1) enjoins the Defendants (their officers, agents, servants, employees, successors, and assigns) from engaging in various employment practices that violate the FLSA; (2) obligates the Defendants to maintain and keep adequate records of their employees' wages and hours; and (3) directs the Defendants to refrain from taking any retaliatory action against any current or former employees for their opposition to unfair labor practices under the FLSA or for participating in an action involving the FLSA. The proposed consent decree directs the Defendants to pay to the Acting Secretary: (1) $94,457.84 in overtime compensation due to the Defendants' current and

former employees identified in an attachment to the consent decree; (2) an additional $94,457.84 in liquidated damages due to said employees; and (3) civil monetary penalties of $70,000 for a total monetary award of $258,915.68.[1]

A district court considers several factors in determining whether to issue a consent decree. Generally, "[t]he consent decree proposed by the parties must (1) spring from and serve to resolve a dispute within the court's subject matter jurisdiction; (2) com[e] within the general scope of the case made by the pleadings; and (3) further the objectives of the law upon which the complaint was based." *Komyatti v. Bayh*, 96 F.3d 955, 960 (7th Cir. 1996) (internal quotations omitted).

The proposed Consent Judgment satisfies each of those factors. First, the Acting Secretary's complaint falls within the Court's subject-matter jurisdiction. *See* 29 U.S.C. § 217 (federal question jurisdiction). Second, the Consent Judgment's remedies—prohibiting future FLSA violations by Defendants and requiring payment of monetary damages and penalties—come within the general scope of the case. Third, the Consent Judgment will further the FLSA's objectives by facilitating Defendants' compliance with its provisions through specific required practices.

Even when those factors are satisfied, however, the proposed consent judgment must be "lawful, fair, reasonable, and adequate." *E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985). "Among the factors that a district court should consider when it makes this 'fairness' determination are: a comparison of the strengths of plaintiff's case versus the amount of the settlement offer; the likely complexity, length, and expense of the litigation, the amount of opposition to the settlement among affected parties; the opinion of competent counsel; and, the stage of the proceedings and the amount of discovery already undertaken at the time of the

---

[1] The Amended Proposed Consent Decree removes language relating to the retention of jurisdiction that this Court found problematic in its Opinion and Order. (ECF No. 16).

settlement." *Gautreaux v. Pierce*, 690 F.2d 616, 631 (7th Cir. 1982). "The district court may not deny approval of a consent decree unless it is unfair, unreasonable, or inadequate." *Hiram Walker & Sons, Inc.*, 768 F.2d at 889–90.

For the reasons set forth in the Acting Secretary's memorandum (ECF No. 18-1), the Consent Judgment is lawful, fair, reasonable, and adequate. It calls for specific actions to facilitate FLSA compliance. Both parties have been represented by counsel throughout the proceedings. The parties agree to the Consent Judgment, and the complaint's allegations, if proven, would establish the strength of the plaintiff's case. And although the Consent Judgment was filed early in the litigation, the record gives no indication that greater discovery would aid in the resolution of this case. The Court therefore approves the Consent Judgment (ECF No. 18-2) as lawful, fair, reasonable, and adequate.

## CONCLUSION

For the reasons above, the Acting Secretary's Amended Motion to Approve Consent Order and Judgment (ECF No. 18) is GRANTED. The Clerk is DIRECTED to enter the Consent Order and Judgment filed at ECF No. 18-2 as the final order and judgment in this case.

SO ORDERED on July 26, 2023.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT